IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| DAVID KARL DANSER,<br> Petitioner, | § § § | |
| VS. | § § | Civil Action No. 4:12-CV-300-Y |
| REBECCA TAMEZ, Warden,<br>FCI-Fort Worth,<br> Respondent. | § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

#### B. PARTIES

Petitioner, David Karl Danser, Reg. No. 06056-028, is a federal prisoner incarcerated in the Federal Correctional Institution in Fort Worth, Texas (FCI-Fort Worth).

Respondent, Rebecca Tamez, is Warden of FCI-Fort Worth.

C. PROCEDURAL HISTORY

Petitioner is serving a 370-month term of imprisonment for his 1999 criminal convictions related to his sexual exploitation of a child in the Southern District of Indiana. (Pet. at 3; Resp't App. at 1) *United States v. Danser*, 110 F. Supp. 2d 807 (S.D.Ind. Oct. 6, 1999). Petitioner appealed his convictions and sought relief under 28 U.S.C. § 2255 in the convicting court. (Pet. at 3-4; Resp't App. at 1-2) *United States v. Danser*, 270 F.3d 451 (7th Cir. 2001).

D. DISCUSSION

In two grounds, petitioner claims his constitutional rights were violated because there was no probable cause to support the issuance of the search and arrest warrants in May 1998 and because the $309,549.36 restitution ordered at sentencing was largely speculative. (Pet. at 5-6)

Petitioner raised his first claim in his first § 2255 motion filed in the convicting court. (Resp't App. at 1) The convicting court denied the motion, and the Seventh Circuit denied a certificate of appealability. (*Id.*) Thereafter, between 2004 and 2008, petitioner filed three applications to bring a successive collateral attack raising the claim, but the Seventh Circuit denied authorization in each instance. (*Id.*) Finally, petitioner filed a motion for "plain error review" of his convictions, again attacking the warrant(s), which the convicting court dismissed as an unauthorized successive § 2255 motion. (*Id.* at 1-2) Petitioner appealed, but the Seventh Circuit dismissed the appeal as "yet another frivolous filing" by petitioner and issued sanctions. (*Id.* at 2) Petitioner's second claim was raised and rejected on direct appeal. *Danser*, 270 F.3d at 455-56.

Respondent claims the court should deny or dismiss the petition for lack of jurisdiction. (Resp't 1-5) Typically, § 2241 is used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). Section 2255, on the other hand, is the primary means under which a federal prisoner may collaterally attack the legality of his conviction or

sentence. *See Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Section 2255 provides that a prisoner may file a writ of habeas corpus only if a remedy by § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255. To establish that a § 2255 motion is inadequate or ineffective, the prisoner must show that: (1) the petition raises a claim that is based on a retroactively applicable Supreme Court decision, (2) the claim was previously foreclosed by circuit law at the time when it should have been raised in petitioner's trial, appeal or first motion for postconviction relief, and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense. *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena*, 243 F.3d at 904.

Petitioner asserts that he is entitled to relief under § 2241 because, notwithstanding his due diligence, he did not obtain documents in support of his first claim until 2005 and because the trial court has lost jurisdiction to rule on his claims, he has been sanctioned by the Seventh Circuit and he has no other avenue in which to seek relief. (Pet'r Reply at 2-6) However, contrary to petitioner's assertion, the factual predicate of his claims was known to him or could have been discovered through the exercise of due diligence at the time of trial. Having had adequate and effective opportunities to assert the instant claims at trial, on direct appeal, or in his initial 2255 motion, petitioner may not proceed to raise them under this court's § 2241 jurisdiction. *See Prost v. Anderson*, — F.3d —, 2011 WL 590334, at *6 (10th Cir. Feb. 22, 1011); *Benavidez v. Tamez*, Civil Action No. 4:07-CV-424-Y, slip copy, 2007 WL 2491854 (N.D. Tex. Sep. 5, 2007).

"[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). Precedent "regarding § 2255's savings clause makes clear that § 2241 is not a mere substitute for § 2255 and that the inadequacy or inefficacy requirement is stringent." *Reyes-Requena*,

243 F.3d 893, 901 (5th Cir. 2001). One may not utilize § 2241 merely to avoid procedural hurdles presented under § 2255, such as the restriction on filing second or successive motions to vacate. *Pack v. Yusuff,* 218F.3d 448, 453 (5th Cir. 2000) (holding that neither a limitations bar nor successiveness make § 2255 ineffective or inadequate); *Tolliver v. Dobre,* 211 F.3d 876, 878 (5th Cir. 2000) (holding that successiveness does not make § 2255 ineffective or inadequate).

Petitioner has not made the showing required to invoke the savings clause of § 2255 as to the claims presented in this habeas corpus proceeding, and the court is therefore without jurisdiction to consider the petition. *See Christopher v. Miles,* 342 F.3d 378, 385 (5th Cir. 2003).

## II. RECOMMENDATION

It is recommended this petition for writ of habeas corpus under § 2241 be DISMISSED for lack of jurisdiction.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 4, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing

4

before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until September 4, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 22, 2012.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE